Dear Mr. Boffone:
You requested an Attorney General's opinion concerning the effects of changes made to By-laws of the West Jefferson Levee District Board of Commissioners. Specifically, you want to know whether the adoption of amended By-laws which change the terms of office of the board's president and other officers can effect a change in the terms of office of the current officers who were elected under the old By-laws. It is our opinion that, yes, the terms of the current officers are altered by the board's adoption of the amended By-laws.
R.S. 38:291(R) provides for the West Jefferson Levee District. Its board of commissioners consists of nine appointees who serve at the pleasure of the Governor. R.S. 38:291(R)(2) and 304(B) and also Attorney General Opinion No. 91-2. The board is legislatively empowered to organize itself, to select its officers, and to adopt By-laws. R.S. 38:304(C) and 306(B). These statutes do not appear to protect the terms of current board officers from change.
Article 10, § 23, of the Louisiana Constitution (1974) evidences protection of only the compensation of public officials who are elected to their positions by the electorate. In our opinion, such a constitutional provision does not extend to those who are appointed to serve at the pleasure of the Governor, as all West Jefferson Levee District commissioners are, nor to protect the terms of their selected officers from change.
You also point to a provision in the By-laws themselves, which states:
 "These Bylaws shall become effective on the date voted and approved by the Board and shall not affect, in any way, any actions, contracts, appointments, elections or other matters previously taken, made, had, or entered into by the Board prior to the effective date thereof.
 In the event that any provisions of these Bylaws are contrary to law, such provision shall be considered null and void and the matters so provided for shall be controlled by applicable law; provided, however, that the validity of all other provisions herein shall not be affected thereby."
It is our opinion that the meaning of such a provision (first paragraph), commonly found in such codifications, is not to prevent the new By-laws from effecting the changes their amendments make — including alterations in the terms of board offices — but rather to clarify that the past lawful acts of the board and its previous officers under the old By-laws remain valid and are not voided by the mere adoption of the new By-laws. It does not mean that the new By-laws will not govern the board's activities from the effective date of such By-laws forward in time. (The second paragraph is merely a standard severability clause evidencing that the board would have independently adopted separable By-law provisions which are valid, even if other provisions had been known at the time to be legally invalid. It is a signal to a court that if some of the By-laws are later held to be illegal, the remaining valid ones should be left intact.)
Thus, we conclude that with the final adoption and effective date of the new By-laws, the terms of office of the board's selected officers change to be that as provided for in the new By-laws, and the next election thereof by the board, likewise, takes place as provided for in the new By-laws.
Trusting this opinion has adequately answered your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
TSH:cdw-0724